IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17-10013 |
| ) | |
| PRESTON ALEXANDER, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION

This matter is now before the Court on Defendant Alexander's Motions for Compassionate Release (Docs. 27, 30) and the Government's Response (D. 33). For the reasons set forth below, Defendant's Motions are DENIED.

#### BACKGROUND

On June 23, 2017, Defendant pleaded guilty to Count Two of a two-count indictment pursuant to a written Plea Agreement. (Minute Entry 6/23/2017; D. 19). Count Two charged Defendant with Possession of a Firearm in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c). (D. 1).

On October 31, 2017, the Court sentenced Defendant to 60 months imprisonment and 5 years of supervised release. (Minute Entry 10/31/2017; D. 23). Defendant is currently incarcerated at FCI Forrest City Low in Forrest City, Arkansas. (D. 30 at 2). His scheduled release date is February 20, 2022. *Id*. at 1.

On August 24, 2020, Defendant filed a *pro se* Motion for Compassionate Release. (D. 27). The Court appointed the Federal Public Defender's Office to represent him. (Text Order 8/26/2020). On September 28, 2020, an Amended Motion for Compassionate Release was filed on

his behalf. (D. 30). On September 30, 2020, the Government filed its Response in opposition to compassionate release. (D. 33). This Order follows.

## LEGAL STANDARD

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.

A court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The policy statements provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with the policy statement." USSG § 1B1.13. The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons."

If an inmate has a chronic medical condition that has been identified by the CDC as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of "extraordinary and compelling reasons." A chronic condition (*i.e.*, one "from which

[the defendant] is not expected to recover") reasonably may be found to be "serious" and to "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility," even if that condition would not have constituted an "extraordinary and compelling reason" absent the risk of COVID-19. USSG § 1B1.13, cmt. n.1(A)(ii)(1).

"The mere presence of COVID-19 in a particular prison cannot justify compassionate release—if it could, every inmate in that prison could obtain release." *United States v. Melgarejo*, 2020 WL 2395982, at *5 (C.D. Ill. May 12, 2020). Rather, "a prisoner [may] satisfy the extraordinary and compelling reasons requirement by showing that his particular institution is facing a serious outbreak of COVID-19 infections, the institution is unable to successfully contain the outbreak, and his health condition places him at significant risk of complications should he contract the virus." *Id*. at 5–6.

## DISCUSSION

### A. Exhaustion of BOP Administrative Remedies

Defendant filed a request for compassionate release with the warden on April 7, 2020. (D. 33-1). The warden denied his request on April 30, 2020. (D. 33-2). Therefore, he exhausted his BOP administrative remedies under 18 U.S.C. § 3582(c)(1)(A) before filing a Motion for Compassionate Release.

### B. Extraordinary and Compelling Reasons Requirement

Defendant concedes he does not have any medical conditions recognized by the CDC as elevating his risk for severe illness from COVID-19. (D. 30). *See* Centers for Disease Control and Prevention, *People with Certain Medical Conditions*, Oct. 21, 2020, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-

3

ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html. He argues that the COVID-19 pandemic alone entitles him to compassionate release. *Id*. at 3. Approximately 640 inmates at FCI Forrest City Low contracted COVID-19 and have recovered. Federal Bureau of Prisons, *COVID-19 Coronavirus*, Oct. 21, 2020, https://www.bop.gov/coronavirus. Currently, only two inmates are positive; no staff members are positive; and there have been no deaths. *Id*.

The Government argues that despite the number of positive cases, COVID-19 alone does not provide a basis for granting compassionate release. (D. 33 at 12). The Court agrees. If the mere presence of COVID-19 justified compassionate release, every inmate could be released. *See, e.g. United States v. Melgarejo*, 2020 WL 2395982, at *5 (C.D. Ill. May 12, 2020); *see also United States v. Riley*, 2020 WL 1819838, at *7 (W.D. Wash. Apr. 10, 2020) (the "extraordinary and compelling" circumstances warranting release under Section 3582(c)(1) are not satisfied by "the mere elevated risk of contracting a pandemic virus in prison, even if such a higher risk exists."); *United States v. Wright*, 2020 WL 1976828, at *5 (W.D. La. Apr. 24, 2020) ("The Court stresses that the rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person. The Court cannot release every prisoner at risk of contracting COVID-19 because the Court would then be obligated to release every prisoner.") The COVID-19 pandemic alone does not create extraordinary and compelling circumstances warranting Defendant's release. Therefore, his Motions for Compassionate Release are DENIED.

### C. Applicable 18 U.S.C. § 3553(a) Factors and Policy Statements

Under the applicable policy statement, this Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community."

USSG § 1B1.13(2). Additionally, this Court must consider the § 3553(a) factors as part of its analysis. *See* 18 U.S.C. § 3582(c)(1)(A).

Defendant argues he is not a danger to the community because he had only one minor violation in prison; this was his first federal conviction; he earned his GED and a certificate in diesel technology from a local community college; and he completed a drug abuse education class. (D. 30 at 8). The Government argues that the § 3553(a) factors strongly disfavor a reduction because this case involved extremely dangerous conduct. (D. 33 at 14). Defendant distributed marijuana and had an assault rifle to protect his drug business. *Id*. He possessed the assault rifle during a controlled purchase of marijuana on October 26, 2016. *Id*. He was arrested following two shootings at his residence. *Id*. (D. 21 at 3-4). He told police that a robbery of drugs started a feud that led to the shooting at his home located in a residential area. *Id*.

The Court commends Defendant for his good conduct in prison but, based on the seriousness of the offense and the fact that he has 16 months remaining on his 60-month sentence, the Court finds that a sentence reduction is unwarranted.

## CONCLUSION

Defendant's Motions for Compassionate Release [27], [30] are DENIED.

ENTERED this 21st day of October, 2020.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge